UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGENCY HOSPITAL OF NORTHWEST INDIANA, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 2:04 CV 491<br>)<br>) |
| ANTHEM INSURANCE COMPANIES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER

This case was filed in state court and removed on the basis of the parties' diverse citizenship. Plaintiff Regency Hospital of Northwest Indiana, LLC ("Regency") alleges that in May and June of 2004 it rendered services with a value of $233,820.81 to a patient after agents of defendant Anthem Insurance Companies, Inc. ("Anthem") represented that the patient was covered by a group policy of medical insurance issued to his employer, and that his treatment was pre-certified for benefits under that insurance coverage. However, in July 2004, Anthem informed Regency that the patient's coverage had terminated on April 30, 2004, and no benefits would be paid under the policy. In its three-count complaint, Regency seeks damages from Anthem under theories of promissory and/or equitable estoppel, fraud and constructive fraud.

Anthem has moved to dismiss Count III of the complaint, alleging constructive fraud. Anthem argues that Indiana requires a plaintiff alleging constructive fraud to prove that the defendant obtained an "unconscionable" advantage, and because

Regency has failed to allege that Anthem obtained an unconscionable advantage, Count III is insufficient as a matter of law and should be dismissed. A complaint should be dismissed for failure to state a claim only when there is no legal basis for relief on any sets of facts that could be proved that are consistent with the allegations of the complaint. *Harris Trust and Sav. Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 641 (7th Cir. 1991).

Regency's response to the motion to dismiss is that the complaint is more than sufficient under the liberalities afforded by notice pleading and, in any event, the facts alleged in the complaint do show that Anthem obtained an unconscionable advantage. Anthem's reply, first, is that the *Indiana* Court of Appeals has held that "even under notice pleading a plaintiff must still plead a set of allegations upon which the trial court could grant relief." Anthem's Reply at 2; *see Trail v. Boys And Girls Club Of Northwest Indiana*, 811 N.E.2d 830, 836-37 (Ind. App. 2004).

> Regency's argument, if taken to its logical conclusion, would mean that under notice pleading a plaintiff could withstand a motion to dismiss for failure to state a claim by merely stating the name of the cause of action and alleging only certain facts of its own choosing.

Anthem's Reply at 2.

The liberalities afforded by *federal* notice pleading are not too far from that, as Anthem should glean from precedent within this circuit rather than state cases. Whether or not Anthem correctly interprets *Trail* need not be determined because pleading requirements are matters of procedural, not substantive, law, and in diversity

2

cases "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141 (1965); see also *Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir. 2003) (even if state had heightened pleading requirement for defamation claims, plaintiff need only satisfy notice pleading requirements of FED. R. CIV. P. 8).

Looking to the relevant federal court decisions, plaintiffs are not required to set out detailed facts upon which they base their claims. "'[T]o the contrary, all the RULES require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The Court of Appeals in this circuit has repeatedly held that complaints do not have to "allege all of the facts essential to recovery under the plaintiff's legal theory." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) ("matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure"). Count III of the complaint in the present case is more than sufficient to give Anthem fair notice of Regency's claim and will not be dismissed simply because Regency failed to state in its complaint that Anthem obtained an unconscionable advantage.

The second point Anthem makes in its reply goes to Regency's assertion that the allegations of the complaint are in fact sufficient to show that Anthem gained an

3

unconscionable advantage. Regency's argument that it has alleged an unconscionable advantage is:

> By confirming coverage and then subsequently denying and refusing to pay the claims presented by Regency, Anthem was able to secure services for the insured under the plan it administers without cost to Anthem or Patient's former employer. As a result of denying claims and saving Anthem and the Patient's former employer money, Anthem continues to bolster its reputation as being a cost effective and efficient plan administrator. Such a reputation allows Anthem to continue to obtain new clients and earn additional profits, all at the expense of healthcare providers like Regency.

Regency's response at 6.

In reply, Anthem characterizes this advantage as nothing more than "making Anthem somehow 'look good,'" and essentially contends that Regency fails to appreciate the distinction between an advantage and an "unconscionable" advantage, an adjective that courts have grappled with outlining. *See Trytko v. Hubbell, Inc.*, 28 F.3d 715, 729 (7th Cir. 1994) (collecting case and summarizing them as situations so likely to result in injustice that the law will find fraud despite absence of fraudulent intent). Relying on *Trytko* for the proposition that the difference between the two types of advantage is more than mere semantics, Anthem states: "Thus, . . . the court in *Trytko* dismissed plaintiff's claim for constructive fraud because the complaint alleged a mere advantage and not an *unconscionable* advantage." Anthem Reply at 3-4.

This is a rather significant misstatement of *Trytko*, which did <u>not</u> involve dismissal of a complaint because of a pleading deficiency. In *Trytko* the district court,

4

after the second day of a four-day jury trial, granted judgment as a matter of law on the constructive fraud claim.[1] *Trytko*, 28 F.3d at 719, 728.

The plaintiff in *Trytko* had failed to exercise valuable stock options, granted by his former employer, before they expired because the employer negligently misrepresented the expiration date. On appeal the plaintiff argued that his employer gained the unconscionable advantage of avoiding a paper loss of $450,000 that would have resulted from sale of the stock at the discount price, and that the options induced the plaintiff to render services to his employer for an additional four, profitable, years.[2] Affirming the district court's decision to grant judgment as a matter of law, the Court of Appeals stated:

> Though we agree that the unexercised options redounded somewhat to [employer's] benefit, we cannot say that the reasonable inferences to be drawn from [employer's] conduct could support a finding of the type of unconscionable advantage that Indiana courts have recognized as actionable under the tort of constructive fraud. In other words, this is not a situation "so likely to result in injustice that the law will find a fraud despite the absence of fraudulent intent."

---

[1] Presumably, this was done pursuant to FED. R. CIV. P. 50(a)(1) at the close of plaintiff's case because his evidence was not sufficient to prove that the defendant had gained an unconscionable advantage, but this is not specifically stated in the opinion.

[2] The court finds the latter of these two arguments nonsensical. The four years of additional service the plaintiff rendered came before the misrepresentation in question, and so the employer did not gain those additional years of service as the result of having made the misrepresentation.

5

*Trytko,* 28 F.3d at 729 (quoting *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 324 (Ind. App. 1991)). Without intending any disrespect to the Court of Appeals, the court observes that this is an unexplained conclusion that gives this court little to go on by way of analogy, making Anthem's reliance on *Trytko* less than convincing.[3]

The only conclusion that this court can draw with confidence from *Trytko* is that, under the circumstances peculiar to that case, the mere avoidance of a "paper loss" was not an unconscionable advantage obtained at the plaintiff's expense. Comparing *Trytko* to one of the cases on which it relies heavily, *Knauf Fiber Glass, GmbH v. Stein*, 615 N.E. 2d 115 (Ind. App. 1993),[4] is helpful.

In *Knauf Fiber Glass* the plaintiff had gone deeply into debt to purchase new trucks on defendant's promise of additional business, and bankrupted when defendant chose to divide its shipping needs among a number of companies instead of giving it all to the plaintiff. *Id.* at 120-21. The defendant appealed the trial court's refusal to grant judgment as a matter of law, contending that there was no evidence that it gained an advantage—unconscionable or otherwise—at the plaintiff's expense.[5] *Id.* at 124. The

---

[3] One reason, perhaps, that the situation was not highly likely to result in an injustice was that the correct information was always available to the plaintiff. If that is a basis for the conclusion in *Trytko*, that weighs against Anthem's argument, because Anthem was the sole party in possession of the correct information.

[4] This decision was affirmed in part, and vacated in part by *Knauf Fiber Glass, GMBh v. Stein*, 622 N.E.2d 163 (Ind. 1993). The portion affirmed contains the relevant points discussed in this opinion and order.

[5] The court notes that throughout its discussion the *Knauf Fiber Glass* court use the term "advantage" rather than "unconscionable advantage." The entire discussion is

6

court found that the plaintiff's promise to meet the additional shipping needs was important to the defendant's business planning, and that was enough to allow a reasonable jury to find that the defendant had obtained an unconscionable advantage at the plaintiff's expense. *Id.* at 125. It is quite difficult for this court to see how Anthem's alleged ability to bolster its reputation and obtain new business at Regency's expense is remarkably less unconscionable than the defendant's obtaining planning strategy at plaintiff's expense in *Knauf Fiber Glass*.

It should also be pointed out that proof of an unconscionable advantage obtained via a confidential relationship is not the "exclusive basis for the theory of constructive fraud." *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 324 (Ind. App. 1991).

> In Indiana constructive fraud also includes what other jurisdictions have termed "legal fraud" or "fraud in law." This species of constructive fraud recognizes that certain conduct should be prohibited because it is inherently likely to create an injustice.

*Id.* While *Scott* observed that this type of constructive fraud has been recognized in Indiana in cases involving buyer-seller relationships, it extended the theory, without comment, to a defendant who served as a financial planner.[6] Without additional briefing directly addressing the issue, perhaps in the context of summary judgment, the

---

prefaced by the remark, however, that "[c]onstructive fraud arises by operation of law when there is a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the actual intent to defraud." *Id.* at 124. Thus, in context, the court is talking about an unconscionable advantage.

[6] The court recognizes that the relationship between a financial planner and his client is perhaps a type of buyer-seller relationship.

court is not prepared to conclude now that Indiana would not extend the fraud-in-law concept to insurance plan administrators who pre-certify to health care providers that insurance coverage exists, and then leave them holding the bag.

For the foregoing reasons, the court **DENIES** Anthem's motion to dismiss Count III (docket #6).

**SO ORDERED.**

ENTER: July 21, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT